KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff, Michael Rangel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rangel, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| National Recovery Services, LLC; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Michael Rangel, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Michael Rangel (hereafter "Plaintiff"), is an adult individual residing in Buckeye, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, National Recovery Services, LLC (hereafter "NRS"), is a company with an address of 416 S Main Street # 3, Ottawa, Kansas 66067-2342, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by NRS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      NRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.      The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to NRS for collection, or NRS was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.      NRS Engages in Harassment and Abusive Tactics**

12.     Within the last year, NRS placed calls to Plaintiff in an attempt to collect the Debt.

13.     During the initial communication with Plaintiff, NRS used rude abusive language in an effort to intimidate Plaintiff into making immediate payment of the entire Debt.

14.      During the initial communication with Plaintiff , NRS threatened to immediately seize Plaintiff's home and vehicle if he did not pay the entire Debt immediately to NRS.

15.     During the initial communication with Plaintiff , NRS' threats to Plaintiff overshadowed Plaintiff's right under Federal and State laws to either dispute the validity of the Debt or request verification of the Debt within the following thirty (30) days.

16.     During the initial communication with Plaintiff , NRS failed to properly identify itself and include the "mini-Miranda warning" when placing calls to Plaintiff.

17.     During the initial communication with Plaintiff , Plaintiff repeatedly requested NRS to identify itself and NRS repeatedly refused, until finally disclosing its identify to Plaintiff.

18.      NRS failed to send Plaintiff a written letter within five days of the initial contact with Plaintiff as required by law.

4

## C.     Plaintiff Suffered Actual Damages

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

25.     The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

26.     The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

27.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

29.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

30.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

31.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

32.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

33.     The Defendants failed to send the Plaintiff a validation notice stating the

Plaintiff's right to request the name and address of the original creditor, in violation of

15 U.S.C. § 1692g(a)(5).

34.     The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

37.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all

possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

a civilized community.

38.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Arizona.

39.     As a result of the Defendants' intentional infliction of emotional distress, the

Plaintiff is entitled to actual damages in an amount to be determined at trial from

Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy and interference with contractual relations in an

amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant

to A.R.S. § 12-341.

G. For Plaintiff's reasonable attorneys' fees and costs in relation to any

Arizona contract claim pursuant to A.R.S. § 12-341.01. and

H. Such other and further relief as may be just and proper.

8

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 25, 2011                    KINDRA DENEAU


                                            By:___/s/   Kindra Deneau_____
                                            Kindra Deneau
                                            Lemberg & Associates, LLC
                                            Attorney for Plaintiff, Michael Rangel